■ In the Matter of GINGER TOPPER, Respondent, v ROBERT TOPPER, Appellant. [706 NYS2d 147] —In a family offense proceeding pursuant to Family Court Act article 8, the appeal is from an order of the Family Court, Suffolk County (McNulty, J.), entered May 28, 1999, which, after a hearing, directed the husband to refrain from any acts of physical violence toward the wife.

Ordered that the order is affirmed, with costs.

The Family Court's determination regarding the credibility of witnesses is entitled to great weight (*see, Matter of Hallissey v Hallissey,* 261 AD2d 544; *Matter of Dendy v Bonelli,* 260 AD2d 633). The record supports the Family Court's determination that, based on a preponderance of the credible evidence, the husband committed a family offense on March 18, 1999. The evidence, including the husband's admission of physical contact with the wife, established the elements of harassment in the second degree (*see,* Penal Law § 240.26; Family Ct Act § 812 [1]). The husband's contention that the Family Court's fact-finding decision failed to adequately specify the particular

family offense under Family Court Act § 812 (1) that he had committed is without merit. It was clear at the hearing that he was charged with conduct constituting harassment in the second degree.

The husband's remaining contentions are without merit. O'Brien, J. P., S. Miller, Friedmann and Smith, JJ., concur.