■ In the Matter of ANGELA Y. ABBOTT, Respondent, v DONTE R. BURNES, Appellant. [813 NYS2d 133]—In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of protection of the Family Court, Suffolk County (MacKenzie, J.), dated February 22, 2005, which, after a hearing, was granted in favor of the mother.

Ordered that the order of protection is affirmed, without costs or disbursements.

The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (*see Matter of Phillips v Laland,* 4 AD3d 529 [2004]; *Matter of Bryan S.,* 286 AD2d 685 [2001]; *Matter of Topper v Topper,* 271 AD2d 613 [2000]). The record supports the Family Court's determination that, based on a preponderance of the evidence, the father committed an act which constituted the family offense of assault on December 4, 2004, warranting the issuance of an order of protection (*see* Family Ct Act §§ 812, 832; Penal Law § 120.00 [2]).

The father's contention that the Family Court failed to adequately specify the particular offense under Family Court Act § 812 that he had committed is without merit. It was not incumbent upon the Family Court to specify the particular family offense where it was clear from the petition and the father's own closing statement that he was charged with conduct constituting assault (*see Matter of Topper v Topper, supra*).

Similarly, there is no merit to the father's contention that the

Family Court failed to adequately state the facts it deemed essential to its determination since "the record is sufficient for this Court to exercise its factual review power" (*Matter of Leon G.*, 7 AD3d 524, 525 [2004]; *see also Matter of Nassau County Dept. of Social Servs. v Steven K.*, 176 AD2d 326, 329 [1991]).

Furthermore, since there was a sound basis in the record to support the Family Court's determination, the father's contention that the Family Court unduly relied on the Law Guardian's recommendation is unavailing.

In light of our determination, we need not decide the remaining issue. Schmidt, J.P., Rivera, Skelos and Lifson, JJ., concur.