■ In the Matter of GINA ROBBINS, Respondent, v DAVID G. ROBBINS, Appellant. [851 NYS2d 877]—In a family offense proceeding pursuant to Family Court Act article 8, the appeal is from an order of protection of the Family Court, Suffolk County (Simeone, J.), dated March 30, 2007, which, after a hearing and upon finding that the husband committed two separate family offenses of harassment in the second degree, directed him, inter alia, to stay away from the wife for a period up to and including March 30, 2008.

Ordered that the order of protection is affirmed, without costs or disbursements.

The parties are married and have three children. The wife filed a family offense petition against the husband requesting an order of protection excluding him from the family home and directing him to stay away from her and their three children because of alleged physical abuse he committed against her. After a fact-finding hearing, the Family Court determined that the husband committed two separate family offenses of harassment in the second degree and issued an order of protection.

On appeal, the husband argues that the Family Court improperly credited the wife's testimony and that the wife failed to prove, by a fair preponderance of the evidence, that he committed the two family offenses of harassment in the second degree.

The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (*see Matter of Santiago v Friedman,* 35 AD3d 482 [2006]; *Matter of Phillips v Laland,* 4 AD3d 529 [2004]). Contrary to the husband's contention, a fair preponderance of the credible evidence supported the Family Court's determination that he committed two separate family offenses of harassment in the second degree, warranting the issuance of an order of protection (*see* Family Ct Act § 832; Penal Law § 240.26 [1]; *Matter of Santiago v Friedman,* 35 AD3d 482 [2006]; *Matter*

*of Abbott v Burnes,* 27 AD3d 555 [2006]). Mastro, J.P., Rivera, McCarthy and Dickerson, JJ., concur.