■ In the Matter of JANET HALPER, Respondent, v JASON HALPER, Appellant. [875 NYS2d 916]—In a family offense proceeding pursuant to Family Court Act article 8, Jason Halper appeals from an order of the Family Court, Kings County (Feldman, J.H.O.), dated June 9, 2008, which, after a hearing, found that he committed a family offense and granted an order of protection to the petitioner.

Ordered that the order is affirmed, without costs or disbursements.

"The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court" (*Matter of Lallmohamed v Lallmohamed*, 23 AD3d 562, 562 [2005]; *see Matter of Fiore v Fiore*, 34 AD3d 803 [2006]), and when the Family Court is confronted with issues of credibility, its findings are accorded great weight on appeal (*see Matter of Ford v Pitts*, 30 AD3d 419, 420 [2006]; *Matter of Wissink v Wissink*, 13 AD3d 461, 462 [2004]; *Matter of St. Denis v St. Denis*, 1 AD3d 370 [2003]). The record presented here is adequate to permit a meaningful review of the Family Court's determination (*see Matter of Steven Glenn R.*, 51 AD3d 802 [2008]). Upon such review, we find that the petitioner established, by a preponderance of the evidence (*see Matter of Phillips v Laland*, 4 AD3d 529 [2004]), that the appellant committed acts constituting harassment in the second degree, thus warranting the issuance of an order of protection, and we find no basis to disturb the

Family Court's determination (*see* Family Ct Act § 812 [1]; Penal Law § 240.26 [3]; *Matter of Wissink v Wissink*, 13 AD3d 461 [2004]). Spolzino, J.P., Skelos, Santucci and Dickerson, JJ., concur.