In the Matter of CLEOPATRA CREIGHTON, Respondent, v TAVERES TRAMINE WHITMORE, Appellant. [898 NYS2d 585]—

In a family offense proceeding pursuant to Family Court Act article 8, Taveres Tramine Whitmore appeals from an order of protection of the Family Court, Kings County (Feldman, J.H.O.), dated April 14, 2009, which, after a hearing, directed him, inter alia, to refrain from assaulting, harassing, and menacing the petitioner.

Ordered that the order of protection is affirmed, without costs or disbursements.

The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court (see Family Ct Act §§ 812, 832; Matter of Halper v Halper, 61 AD3d 687 [2009]; Matter of Lallmohamed v Lallmohamed, 23 AD3d 562 [2005]), and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (see Matter of Gray v Gray, 55 AD3d 909 [2008]; Matter of Wallace v Wallace, 45 AD3d 599 [2007]). Contrary to the appellant's contention, it is not incumbent upon the Family Court to specify in the protective order the particular family offense he committed where it is clear from the allegations in the petition and the evidence adduced at the hearing (see Matter of Abbott v Burnes, 27 AD3d 555 [2006]; Matter of Topper v Topper, 271 AD2d 613, 613-614 [2000]). Here, the petitioner stated to the police and in her family offense petition that, inter alia, on January 12, 2009, the appellant committed acts of physical and verbal abuse which constituted the family offense of harassment, and a fair preponderance of the credible evidence adduced at the fact-finding hearing supports a finding that the appellant committed that offense, warranting the issuance of an order of protection (see Penal Law § 240.26 [1]; Matter of Robbins v Robbins, 48 AD3d 822, 822-823 [2008]; Matter of Topper v Topper, 271 AD2d at 613-614). Mastro, J.P., Miller, Austin and Roman, JJ., concur.