■ In the Matter of LINDSAY CURRERI, Respondent, v KENNETH VARRIALE, Appellant. [921 NYS2d 903]—

In a family offense proceeding pursuant to Family Court Act article 8, Kenneth Varriale appeals from an order of protection of the Family Court, Suffolk County (Lynaugh, J.H.O.), dated June 7, 2010, which, after a hearing, and upon a finding that he committed the family offense of harassment, directed him to stay away from the petitioner and her home and place of employment for a period of two years.

Ordered that the order of protection is affirmed, without costs or disbursements.

A family offense must be proven by a "fair preponderance of the evidence" (Family Ct Act § 832). "The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record" (*Matter of Robbins v Robbins*, 48 AD3d 822 [2008]). Here, contrary to the appellant's contention, a fair preponderance of the credible evidence supported the Family Court's determination that he committed the family offense of harassment, warranting the issuance of an order of protection (*see* Family Ct Act §§ 812, 832; Penal Law § 240.26 [3]; *Matter of Creighton v Whitmore*, 71 AD3d 1141 [2010]; *Matter of Halper v Halper*, 61 AD3d 687 [2009]; *Matter of Gray v Gray*, 55 AD3d 909 [2008]; *Matter of Robbins v Robbins*, 48 AD3d 822 [2008]; *Matter of Wallace v Wallace*, 45 AD3d 599 [2007]). Prudenti, P.J., Angiolillo, Dickerson and Roman, JJ., concur.