In a family offense proceeding pursuant to Family Court Act article 8, Gary Brown appeals from an order of protection of the Family Court, Queens County (Lebwohl, J.), dated February 23, 2012, which, after a hearing, in effect, determined that he committed the family offenses of harassment in the second degree and disorderly conduct, and directed him, inter alia, to refrain from harassing, intimidating, or threatening the petitioner.
Ordered that the order of protection is affirmed, without costs or disbursements.
*1006 “The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court (see Family Ct Act §§ 812, 832; Matter of Halper v Halper, 61 AD3d 687 [2009]; Matter of Lallmohamed v Lallmohamed, 23 AD3d 562 [2005]), and that court’s determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (see Matter of Gray v Gray, 55 AD3d 909 [2008]; Matter of Wallace v Wallace, 45 AD3d 599 [2007])” (Matter of Creighton v Whitmore, 71 AD3d 1141, 1141 [2010] ; see Matter of Kaur v Singh, 73 AD3d 1178, 1178 [2010]). Here, a fair preponderance of the credible evidence elicited at the fact-finding hearing supports the hearing court’s determination that Gary Brown committed the family offenses of harassment in the second degree and disorderly conduct, warranting the issuance of an order of protection (see Penal Law §§ 240.26, 240.20; Family Ct Act § 812 [1]; Matter of Smith v Amedee, 101 AD3d 1033, 1033 [2012]; Matter of Scanziani v Hairston, 100 AD3d 1007, 1008 [2012]; Matter of Cruz v Rodriguez, 96 AD3d 838, 838 [2012]; Matter of Yalvac v Yalvac, 83 AD3d 853, 854 [2011] ; Matter of Kaur v Singh, 73 AD3d at 1178; Matter of Creighton v Whitmore, 71 AD3d at 1141; Matter of Gray v Gray, 55 AD3d 909, 910 [2008]; Matter of Robbins v Robbins, 48 AD3d 822, 822 [2008]). Rivera, J.P., Dillon, Dickerson and Austin, JJ., concur.