■ In the Matter of PATRICIA BAH, Appellant, v MOHAMMED BAH, Respondent. [978 NYS2d 301]—

In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Richmond County (Mitek, Ct. Atty. Ref.), dated December 3, 2012, which, after a hearing, in effect, denied the petition, dismissed the proceeding, and vacated an order of protection dated November 16, 2012.

Ordered that the order is affirmed, without costs or disbursements.

"In a family offense proceeding, the petitioner has the burden

of establishing, by a 'fair preponderance of the evidence,' that the charged conduct was committed as alleged in the petition" (*Matter of Cassie v Cassie*, 109 AD3d 337, 340 [2013], quoting Family Ct Act § 832; *see Matter of Testa v Strickland*, 99 AD3d 917, 917 [2012]). " 'The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court' " (*Matter of Kaur v Singh*, 73 AD3d 1178, 1178 [2010], quoting *Matter of Creighton v Whitmore*, 71 AD3d 1141, 1141 [2010]; *see* Family Ct Act §§ 812, 832; *Matter of Shields v Brown*, 107 AD3d 1005, 1006 [2013]; *Matter of Yalvac v Yalvac*, 83 AD3d 853, 854 [2011]; *Matter of Halper v Halper*, 61 AD3d 687 [2009]; *Matter of Lallmohamed v Lallmohamed*, 23 AD3d 562 [2005]), "whose 'determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record' " (*Matter of Kaur v Singh*, 73 AD3d at 1178, quoting *Matter of Creighton v Whitmore*, 71 AD3d at 1141; *see Matter of Shields v Brown*, 107 AD3d at 1006; *Matter of Yalvac v Yalvac*, 83 AD3d at 854; *Matter of Robbins v Robbins*, 48 AD3d 822, 822 [2008]; *Matter of Phillips v Laland*, 4 AD3d 529, 530 [2004]).

Here, the petitioner failed to establish, by a fair preponderance of the evidence, that the respondent committed the family offenses of menacing in the second degree or third degree (*see* Penal Law §§ 120.14, 120.15), criminal mischief in the fourth degree (*see* Penal Law § 145.00), harassment in the second degree (*see* Penal Law § 240.26), or disorderly conduct (*see* Penal Law § 240.20). The Family Court's determination that the petitioner's testimony was lacking in credibility, and that the respondent testified credibly, is entitled to great weight on appeal as it is not clearly unsupported by the record (*see generally Matter of Shields v Brown*, 107 AD3d at 1006; *Matter of Yalvac v Yalvac*, 83 AD3d at 854; *Matter of Kaur v Singh*, 73 AD3d at 1178; *Matter of Creighton v Whitmore*, 71 AD3d at 1141; *Matter of Robbins v Robbins*, 48 AD3d at 822; *Matter of Phillips v Laland*, 4 AD3d at 530). According, the Family Court properly, in effect, denied the petition, dismissed the proceeding, and vacated the order of protection dated November 16, 2012. Dickerson, J.P., Chambers, Roman and Miller, JJ., concur.