■ In the Matter of HARRIETTE SHIFFMAN, Respondent, v MERYL HANDLER, Appellant. [981 NYS2d 790]—

In a family offense proceeding pursuant to Family Court Act article 8, the daughter appeals from an order of protection of the Family Court, Nassau County (Corrigan, J.), dated April 5, 2013, which, after a hearing, and upon a finding that she committed the family offense of disorderly conduct, directed her, inter alia, to stay away from the mother until and including April 4, 2014.

Ordered that the order of protection is reversed, on the facts, with costs, the petition is denied, and the proceeding is dismissed.

The family offense of "disorderly conduct" is not limited to disorderly conduct in a public place (Family Ct Act § 812). Each of the requisite elements of that offense must be established by a preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Bah v Bah*, 112 AD3d 921, 922 [2013]). This includes the mens rea of that offense, namely that, when engaging in certain defined conduct, the actor did so "with intent to cause public inconvenience, annoyance or alarm, or recklessly creat[ed] a risk thereof" (Penal Law § 240.20; *see Matter of Cassie v Cassie*, 109 AD3d 337, 340 [2013]).

The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (*see Matter of Alonso v Perdue*, 112 AD3d 920 [2013]; *Matter of Saldivar v Cabrera*, 109 AD3d 831, 832 [2013]; *cf. Matter of Wan-Su Li v Feng*, 45 AD3d 775, 776 [2007]). Here, in the exercise of our factual review power, we conclude that the mother did not sustain her burden. The evidence established that the daughter went to the mother's home, stood on the front porch, knocked on the front door and windows for a period of nearly an hour, and telephoned the mother's home phone number twice, but it did not establish the daughter's requisite intent or recklessness with respect to causing *public* inconvenience, annoyance, or alarm (*see* Family Ct Act § 812; Penal Law § 240.20). The mother presented no evidence in support of the mens rea element, such as the proximity of the porch to neighbors or other members of the public, or that the conduct

otherwise could have caused public inconvenience, annoyance, or alarm (*Matter of Cassie v Cassie*, 109 AD3d at 341-342; *cf. Matter of Wan-Su Li v Feng*, 45 AD3d at 776). Accordingly, we reverse the order of protection, deny the petition, and dismiss the proceeding. Rivera, J.P., Balkin, Hinds-Radix and Maltese, JJ., concur.