In related family offense proceedings pursuant to Family Court Act article 8, Gail Oakes appeals from (1) an order of the Family Court, Queens County (Hunt, J.), dated December 12, 2012, which, after a hearing, inter alia, denied her petition for an order of protection against Robert Oakes, and (2) an order of fact-finding and disposition of the same court, also dated December 12, 2012, which granted the cross petition of Robert Oakes to the extent of finding that she committed the family offense of harassment in the second degree and directing the entry of a suspended judgment against her.
Ordered that the order and the order of fact-finding and disposition are affirmed, without costs or disbursements.
The allegations asserted in a petition in a family offense proceeding must be supported by “a fair preponderance of the evidence” (Family Ct Act § 832; see Matter of Patton v Torres, 38 AD3d 667, 668 [2007]; Matter of Dabbene v Dabbene, 297 AD2d 812 [2002]; Matter of Hogan v Hogan, 271 AD2d 533 [2000]). The Family Court’s determination regarding the credibility of witnesses is entitled to great weight on appeal unless *957 clearly unsupported by the record (see Matter of Santiago v Friedman, 35 AD3d 482 [2006]; Matter of Phillips v Laland, 4 AD3d 529 [2004]). Here, contrary to the appellant’s contention, a fair preponderance of the credible evidence supports the Family Court’s determination that she committed the family offense of harassment in the second degree, warranting the issuance of a suspended judgment against the appellant (see Family Ct Act § 832; Penal Law § 240.26 [3]; Matter of Santiago v Friedman, 35 AD3d at 482; Matter of Abbott v Burnes, 27 AD3d 555 [2006]).
The record also supports the Family Court’s determination that the evidence adduced at the hearing was insufficient to establish that the respondent committed a family offense against the appellant.
The appellant’s remaining contention is without merit.
Mastro, J.P, Chambers, Austin and Miller, JJ., concur.