In the Matter of LANESKA MARTE, Appellant, v MIGUEL CARABALLO, Respondent. [983 NYS2d 881]—

In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Queens County (Arias, J.), dated August 13, 2013, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

"In a family offense proceeding, the petitioner has the burden of establishing, by a 'fair preponderance of the evidence,' that the charged conduct was committed as alleged in the petition" (*Matter of Cassie v Cassie*, 109 AD3d 337, 340 [2013], quoting Family Ct Act § 832; *see Matter of Testa v Strickland*, 99 AD3d 917, 917 [2012]). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court" (*Matter of Creighton v Whitmore*, 71 AD3d 1141, 1141 [2010]; *see* Family Ct Act §§ 812, 832; *Matter of Yalvac v Yalvac*, 83 AD3d 853, 854 [2011]), whose "determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record" (*Matter of*

*Creighton v Whitmore*, 71 AD3d at 1141; *see Matter of Yalvac v Yalvac*, 83 AD3d at 854).

Here, the petitioner failed to establish, by a fair preponderance of the evidence, that the respondent's act of allegedly sending her a text message constituted the family offense of aggravated harassment in the second degree (*see* Family Ct Act § 812 [1]; Penal Law § 240.30 [1]). Additionally, the petitioner failed to establish, by a fair preponderance of the evidence, that certain alleged conduct by the respondent in 2003 constituted the family offense of harassment in the second degree (*see* Family Ct Act § 812 [1]; Penal Law § 240.26). The Family Court's determination that the petitioner's testimony was lacking in credibility is entitled to great weight on appeal, as it is supported by the record (*see Matter of Bah v Bah*, 112 AD3d 921, 922 [2013]; *see generally Matter of Shields v Brown*, 107 AD3d 1005, 1006 [2013]; *Matter of Yalvac v Yalvac*, 83 AD3d at 854).

Accordingly, the Family Court properly denied the petition and dismissed the proceeding. Balkin, J.P., Dickerson, Roman and Miller, JJ., concur.