■ In the Matter of John Garbarino, Respondent, v Linda Garbarino, Appellant. [990 NYS2d 853]—

In a family offense proceeding pursuant to Family Court Act article 8, Linda Garbarino appeals from an order of disposition of the Family Court, Orange County (Kiedaisch, J.), dated August 22, 2013, which, upon a finding that she committed the family offense of harassment in the second degree, made after a hearing, and upon the issuance of an order of protection dated August 22, 2013, directed her to comply with the conditions set forth in the order of protection dated August 22, 2013.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The allegations asserted in a petition in a family offense proceeding must be supported by "a fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Patton v Torres*, 38 AD3d 667, 668 [2007]; *Matter of Dabbene v Dabbene*, 297 AD2d 812 [2002]; *Matter of Hogan v Hogan*, 271 AD2d 533 [2000]). The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless

clearly unsupported by the record (*see Matter of Santiago v Friedman*, 35 AD3d 482 [2006]; *Matter of Phillips v Laland*, 4 AD3d 529, 530 [2004]). Here, contrary to the appellant's contention, a fair preponderance of the credible evidence supports the Family Court's determination that she committed the family offense of harassment in the second degree, warranting the issuance of an order of protection against her (*see* Family Ct Act § 832; Penal Law § 240.26 [3]; *Matter of Oakes v Oakes*, 115 AD3d 956 [2014]; *Matter of Santiago v Friedman*, 35 AD3d at 482; *Matter of Abbott v Burnes*, 27 AD3d 555 [2006]). Rivera, J.P., Roman, Sgroi and LaSalle, JJ., concur.