■ In the Matter of ALFRED R. BLACKETT, Appellant, v NAOMI BLACKETT, Respondent. [999 NYS2d 148]—

Appeal from an order of the Family Court, Queens County (John M. Hunt, J.), dated May 20, 2013. The order, after a hearing, denied the family offense petition for failure to prove a family offense by a preponderance of the evidence, and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

"In a family offense proceeding, the petitioner has the burden of establishing, by a 'fair preponderance of the evidence,' that the charged conduct was committed as alleged in the petition" (*Matter of Cassie v Cassie*, 109 AD3d 337, 340 [2013], quoting Family Ct Act § 832; *see Matter of Streat v Streat*, 117 AD3d 837, 837 [2014]; *Matter of Marte v Caraballo*, 116 AD3d 1050, 1050 [2014]; *Matter of Testa v Strickland*, 99 AD3d 917, 917 [2012]). " 'The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court' " (*Matter of Kaur v Singh*, 73 AD3d 1178, 1178 [2010], quoting *Matter of Creighton v Whitmore*, 71 AD3d 1141, 1141 [2010]; *see* Family Ct Act §§ 812, 832; *Matter of Streat v Streat*, 117 AD3d at 837; *Matter of Marte v Caraballo*, 116 AD3d at 1050; *Matter of Yalvac v Yalvac*, 83 AD3d 853, 854 [2011]),

"whose 'determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record' " (*Matter of Kaur v Singh*, 73 AD3d at 1178, quoting *Matter of Creighton v Whitmore*, 71 AD3d at 1141; *see Matter of Streat v Streat*, 117 AD3d at 837; *Matter of Marte v Caraballo*, 116 AD3d at 1050; *Matter of Yalvac v Yalvac*, 83 AD3d at 854).

Here, the Family Court was presented with sharply conflicting testimony as to whether the respondent committed the family offense of harassment in the second degree. The Family Court's determination that the petitioner failed to establish that a family offense was committed against him was based on its credibility assessments, and is supported by the record (*see Matter of Streat v Streat*, 117 AD3d at 838; *Matter of Alonso v Perdue*, 112 AD3d 920, 920 [2013]; *Matter of Amato v Amato*, 100 AD3d 988, 989 [2012]).

Accordingly, the Family Court properly denied the petition and dismissed the proceeding.

The petitioner's remaining contentions are not properly before this Court. Dillon, J.P., Dickerson, Austin and Cohen, JJ., concur.