■ In the Matter of SONIA M. COLE, Appellant, v JUNIOR H. MUIRHEAD, Respondent. [5 NYS3d 178]—

Appeal from an order of the Family Court, Queens County (Ronald E. Richter, J.), dated April 8, 2014. The order, after a hearing, denied the family offense petition for failure to prove a family offense by a preponderance of the evidence, and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

"In a family offense proceeding, the petitioner has the burden of establishing, by a 'fair preponderance of the evidence,' that the charged conduct was committed as alleged in the petition" (*Matter of Cassie v Cassie*, 109 AD3d 337, 340 [2013], quoting Family Ct Act § 832; *see Matter of Blackett v Blackett*, 123 AD3d 923 [2014]; *Matter of Streat v Streat*, 117 AD3d 837, 837 [2014]). " 'The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court' " (*Matter of Kaur v Singh*, 73 AD3d 1178, 1178 [2010], quoting *Matter of Creighton v Whitmore*, 71 AD3d 1141, 1141 [2010]; *see* Family Ct Act §§ 812, 832; *Matter of Blackett v Blackett*, 123 AD3d at 923), "whose 'determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record' " (*Matter of Kaur v Singh*, 73 AD3d at 1178, quoting *Matter of Creighton v Whitmore*, 71 AD3d at 1141; *see Matter of Blackett v Blackett*, 123 AD3d at 923; *Matter of Tulshi v Tulshi*, 118 AD3d 716 [2014]).

Here, the Family Court was presented with sharply conflicting testimony as to whether the respondent committed the subject family offenses. The Family Court's determination that the petitioner failed to establish that a family offense was committed against her was based on its credibility assessments, and is supported by the record (*see Matter of Blackett v Blackett*, 123 AD3d at 923; *Matter of Streat v Streat*, 117 AD3d at 838).

Accordingly, the Family Court properly denied the petition and dismissed the proceeding. Rivera, J.P., Austin, Roman and Barros, JJ., concur.