■ In the Matter of LUCY CHARALAMBOUS, Respondent, v ALEX ZOHIOS, Appellant. [1 NYS3d 862]—

Appeal from (1) an order of fact-finding and disposition of the Family Court, Queens County (Fran L. Lubow, J.), dated June 11, 2014, and (2) an order of protection of that court dated June 11, 2014. The order of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, found that Alex Zohios committed the family offense of stalking in the fourth degree. The order of protection directed him, inter alia, to stay away from the petitioner until and including June 11, 2016.

Ordered that the order of fact-finding and disposition and the order of protection are affirmed, without costs or disbursements.

The allegations asserted in a petition in a family offense proceeding must be supported by "a fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Maiorino v Maiorino*, 107 AD3d 717 [2013]; *Matter of Patton v Torres*, 38 AD3d 667, 668 [2007]; *Matter of Dabbene v Dabbene*, 297 AD2d 812 [2002]). The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (*see Matter of Maiorino v Maiorino*, 107 AD3d at 717; *Matter of Santiago v Friedman*, 35 AD3d 482 [2006]). Here, contrary to the appellant's contention, a fair preponderance of the credible evidence supports the Family Court's determination that he committed the family offense of stalking in the fourth degree, warranting the issuance of an order of protection against him (*see* Family Ct Act § 832; Penal Law § 120.45 [3]; *Matter of Hubbard v Ponce DeLeon*, 108 AD3d 628, 629-630 [2013]; *cf. Matter of Ovsanik v Ovsanik*, 89 AD3d 1451 [2011]). Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.