■ In the Matter of ELINA MUSHEYEV, Respondent, v DAVID MUSHEYEV, Appellant. [2 NYS3d 807]—

Appeal from an order of protection of the Family Court, Queens County (Ronald E. Richter, J.), dated July 14, 2014. The order of protection, after a fact-finding and dispositional hearing, inter alia, directed David Musheyev to refrain from assaulting and harassing Elina Musheyev.

Ordered that the order of protection is affirmed, without costs or disbursements.

"In a family offense proceeding, the petitioner has the burden of establishing, by a 'fair preponderance of the evidence,' that the charged conduct was committed as alleged in the petition" (*Matter of Cassie v Cassie*, 109 AD3d 337, 340 [2013], quoting Family Ct Act § 832; *see Matter of Streat v Streat*, 117 AD3d 837, 837 [2014]; *Matter of Marte v Caraballo*, 116 AD3d 1050, 1050 [2014]; *Matter of Testa v Strickland*, 99 AD3d 917, 917 [2012]). " 'The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court' " (*Matter of Kaur v Singh*, 73 AD3d 1178, 1178 [2010], quoting *Matter of Creighton v Whitmore*, 71 AD3d 1141, 1141 [2010]; *see* Family Ct Act §§ 812, 832; *Matter of Streat v Streat*, 117 AD3d at 837; *Matter of Marte v Caraballo*, 116 AD3d at 1050), "whose 'determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record' " (*Matter of Kaur v Singh*, 73 AD3d at 1178, quoting *Matter of Creighton v Whitmore*, 71 AD3d at 1141; *see Matter of Streat v Streat*, 117 AD3d at 837; *Matter of Marte v Caraballo*, 116 AD3d at 1050). Here, contrary to the appellant's contention, a fair preponderance of the credible evidence supports the Family Court's determination that he committed the family offenses of attempted assault in the third degree and harassment in the second degree, warranting the issuance of an order of protection against him (*see Matter of Garbarino v Garbarino*, 120 AD3d 578, 579 [2014]; *Matter of Oakes v Oakes*, 115 AD3d 956, 957 [2014]; *Matter of Harry v Harry*, 115 AD3d 858, 858 [2014]; *Matter of Santiago v Friedman*, 35 AD3d 482, 482 [2006]). The Family Court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of the petitioner (*see Matter of Saldivar v Cabrera*, 109 AD3d 831, 832 [2013]; *see also Matter of Krasnova v Krasnov*, 83 AD3d 940, 941 [2011]). We discern no basis to disturb the Family Court's determination. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.