■ In the Matter of ZEYNAB SAID TUMBA, Appellant, v TAHIR GHARIB, Appellant. [4 NYS3d 545]—

Appeal from an order of the Family Court, Kings County (Michael L. Katz, J.), dated May 8, 2014. The order, after a hearing, denied the mother's amended family offense petition, vacated a temporary order of protection issued by that court on April 25, 2014, and dismissed the proceeding.

Ordered that the order dated May 8, 2014, is affirmed, without costs or disbursements.

"In a family offense proceeding, the petitioner has the burden of establishing, by a 'fair preponderance of the evidence,' that the charged conduct was committed as alleged in the petition" (*Matter of Cassie v Cassie*, 109 AD3d 337, 340 [2013], quoting Family Ct Act § 832; *see Matter of Blackett v Blackett*, 123 AD3d 923 [2014]). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court" (*Matter of Creighton v Whitmore*, 71 AD3d 1141, 1141 [2010]; *see* Family Ct Act §§ 812, 832; *Matter of Blackett v Blackett*, 123 AD3d at 923), whose "determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record" (*Matter of Creighton v Whitmore*, 71 AD3d at 1141; *see Matter of Blackett v Blackett*, 123 AD3d at 923; *Matter of Maiorino v Maiorino*, 107 AD3d 717 [2013]).

Here, the Family Court was presented with sharply conflicting testimony as to whether the respondent committed the subject family offenses. The court's determination that the petitioner failed to establish that a family offense was committed against her was based on its credibility assessments, and is supported by the record (*see Matter of Cole v Muirhead*, 125 AD3d 964 [2015]; *Matter of Blackett v Blackett*, 123 AD3d at 923; *Matter of Streat v Streat*, 117 AD3d 837, 838 [2014]).

Accordingly, the Family Court properly denied the amended petition, vacated the temporary order of protection, and dismissed the proceeding. Rivera, J.P., Sgroi, Maltese and LaSalle, JJ., concur.