■ In the Matter of Carol Polizzi, Respondent, v Grant McCrea, Appellant. [10 NYS3d 568]—Appeals from (1) an order of protection of the Family Court, Kings County (Dean T. Kusakabe, J.), dated April 11, 2014, (2) an order of probation of that court, also dated April 11, 2014, and (3) a modified order of probation of that court dated May 16, 2014. The order of protection, upon a finding, after a hearing, that the appellant committed the family offense of harassment in the second degree, directed the appellant, inter alia, to stay away from the petitioner and her home for a stated period of time. The order of probation and the modified order of probation directed the appellant, inter alia, to enroll in and be fully compliant with an alcohol abuse treatment program and to report to the Department of Probation for a stated period of time.

Ordered that the appeal from the order of probation is dismissed, without costs or disbursements, as that order was superseded by the modified order of probation; and it is further,

Ordered that the order of protection and the modified order of probation are affirmed, without costs or disbursements.

"In a family offense proceeding, the petitioner has the burden of establishing, by a 'fair preponderance of the evidence,' that the charged conduct was committed as alleged in the petition" (*Matter of Cassie v Cassie*, 109 AD3d 337, 340 [2013], quoting Family Ct Act § 832; *see Matter of Tumba v Gharib*, 127 AD3d 770 [2015]; *Matter of Musheyev v Musheyev*, 126 AD3d 800 [2015]). " 'The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court' " (*Matter of Kaur v Singh*, 73 AD3d 1178, 1178 [2010], quoting *Matter of Creighton v Whitmore*, 71 AD3d 1141, 1141 [2010]; *see Matter of Tumba v Gharib*, 127 AD3d 770 [2015]; *Matter of Cole v Muirhead*, 125 AD3d 964 [2015]). "The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record" (*Matter of Charalambous v Zohios*, 125 AD3d 963 [2015]; *see Matter of Giresi-Palazzolo v Palazzolo*, 127 AD3d 752 [2015]; *Matter of Vachaviolos v Rosa*, 123 AD3d 731 [2014]).

Here, a fair preponderance of the credible evidence supports

the Family Court's finding that the appellant committed the family offense of harassment in the second degree (Penal Law § 240.26 [1]). "[A] single incident is legally sufficient to support a finding of harassment in the second degree" (*Matter of Tamara A. v Anthony Wayne S.*, 110 AD3d 560, 561 [2013]). The intent element of the offense "is properly inferred from [the appellant's] conduct and the surrounding circumstances" (*Matter of Messana v Messana*, 115 AD3d 860, 861 [2014]).

Contrary the appellant's contention, the terms of the orders currently under review are not "excessive and unreasonable." The Family Court's orders contain provisions that are "reasonably necessary to provide meaningful protection [to the petitioner] and to eradicate the root of the [domestic] disturbance" (*Matter of Monos v Monos*, 123 AD3d 931, 932 [2014], quoting *Matter of Mistretta v Mistretta*, 85 AD3d 1034, 1035 [2011]).

Accordingly, we affirm the order of protection and the modified order of probation. Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.