◼ In the Matter of DONALD ALLEYNE, Respondent, v DEUEL J. ALLY, Appellant. [11 NYS3d 879]—Appeal from an order of protection of the Family Court, Kings County (Maria Arias, J.), dated December 2, 2014. The order of protection, upon a finding, after a hearing, in effect, that the appellant committed the family offense of harassment in the second degree, directed the appellant, inter alia, to stay away from the petitioner until and including December 1, 2016.

Ordered that the order of protection is affirmed, without costs or disbursements.

"The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court" (*Matter of Creighton v Whitmore*, 71 AD3d 1141, 1141 [2010]; *see* Family Ct Act §§ 812, 832; *Matter of Kaur v Singh*, 73 AD3d 1178 [2010]). The hearing court's determination regarding the credibility of witnesses is entitled to considerable deference on appeal (*see Matter of Hodiantov v Aronov*, 110 AD3d 881 [2013]; *Matter of Cruz v Rodriguez*, 96 AD3d 838, 838 [2012]; *Matter of Kaur v Singh*, 73 AD3d at 1178; *Matter of Creighton v Whitmore*, 71 AD3d at 1141).

Here, contrary to the appellant's contention, a fair preponderance of the credible evidence supported the Family Court's de-

termination that he committed acts which constituted the family offense of harassment in the second degree (*see* Penal Law § 240.26 [1]; Family Ct Act § 812 [1]; *Hodiantov v Aronov*, 110 AD3d at 882; *Matter of Kaur v Singh*, 73 AD3d at 1178). Thus, the issuance of the order of protection appealed from was warranted.

The appellant's remaining contention is without merit. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.