■ In the Matter of KERRIE HENDERSON, Respondent, v ALAN HENDERSON, JR., Appellant. [27 NYS3d 183]—

Appeals from (1) an order of the Family Court, Suffolk County (Linda M. Boggio, Ct. Atty. Ref.), dated April 2, 2015, and (2) an order of protection of that court, also dated April 2, 2015. The order dated April 2, 2015, after a hearing, found that the appellant committed the family offense of harassment in the second degree. The order of protection, upon that finding, directed the appellant, inter alia, to refrain from communicating with the petitioner up to and including October 21, 2015.

Ordered that the order dated April 2, 2015 is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order of protection is dismissed as academic, without costs or disbursements, as the order of protection has expired by its own terms.

"In a family offense proceeding, the petitioner has the burden of establishing, by a 'fair preponderance of the evidence,' that the charged conduct was committed as alleged in the petition"

(*Matter of Cassie v Cassie*, 109 AD3d 337, 340 [2013], quoting Family Ct Act § 832; *see Matter of Monos v Monos*, 123 AD3d 931 [2014]; *Matter of Blackett v Blackett*, 123 AD3d 923 [2014]). Whether a family offense was committed is a factual issue resolved by the hearing court (*see* Family Ct Act §§ 812, 832; *Matter of Blackett v Blackett*, 123 AD3d at 923; *Matter of Hodiantov v Aronov*, 110 AD3d 881, 882 [2013]; *Matter of Kaur v Singh*, 73 AD3d 1178 [2010]), and the hearing court's determination regarding witnesses' credibility is entitled to great weight on appeal and will not be disturbed unless clearly unsupported by the record (*see Matter of Deepti v Kaushik*, 126 AD3d 790 [2015]; *Matter of Shiffman v Handler*, 115 AD3d 753 [2014]; *Matter of Creighton v Whitmore*, 71 AD3d 1141, 1141 [2010]). Thus, where a hearing court "was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony" of one party over that of the other, its determination will not be disturbed if it is supported by the record (*Matter of Musheyev v Musheyev*, 126 AD3d 800, 801 [2015]; *see Matter of Streat v Streat*, 117 AD3d 837 [2014]; *Matter of Krasnova v Krasnov*, 83 AD3d 940 [2011]).

Contrary to the appellant's contention, a fair preponderance of the credible evidence supports the Family Court's determination that he committed the family offense of harassment in the second degree (Penal Law § 240.26 [3]).

The appellant's remaining contention, that he was deprived of the ability to properly prepare for the hearing because two of the three pages of the petition were not served on him or his counsel until the hearing was underway, has been waived, as the father's counsel accepted service of the complete family offense petition in open court and declined to request an adjournment to allow for further preparations. Rivera, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.