■ In the Matter of MARLON QUINONES, Respondent, v ELIZABETH PALMA, Appellant. [41 NYS3d 543]—

Appeal by the mother from an order of the Family Court, Queens County (Dennis Lebwohl, J.), dated June 1, 2015. The order, after a hearing, found that the mother committed a family offense within the meaning of Family Court Act § 812, and

directed the issuance of an order of protection in favor of the parties' children.

Ordered that the order is affirmed, without costs or disbursements.

The parties have two children in common, who were born in February of 2012 and March of 2013, respectively. In 2013 a neglect proceeding was commenced against the mother, and in October of 2013 a fact-finding order was entered, on the mother's consent, finding that she had neglected the children. An order of disposition in that proceeding released the children to the custody of the father. In September of 2014, the father commenced this family offense proceeding against the mother, alleging that during a visit with the children she had committed, inter alia, the family offense of assault in the third degree against the children. After a hearing, the Family Court found that the mother had committed that family offense, and directed the issuance of an order of protection in favor of the parties' children. The mother appeals.

A family offense must be established by a fair preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Blackett v Blackett*, 123 AD3d 923 [2014]; *Matter of Maiorino v Maiorino*, 107 AD3d 717 [2013]). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court (*see Matter of Alleyne v Ally*, 130 AD3d 718 [2015]; *Matter of Maiorino v Maiorino*, 107 AD3d at 717). The court's determination regarding the credibility of witnesses is entitled to great weight on appeal, and will not be disturbed if supported by the record (*see Matter of Tumba v Gharib*, 127 AD3d 770, 771 [2015]; *Matter of Campbell v Campbell*, 123 AD3d 1123, 1124 [2014]).

Here, a fair preponderance of the credible evidence adduced at the fact-finding hearing supported a finding that the mother committed the family offense of assault in the third degree, warranting the issuance of an order of protection (*see* Family Ct Act §§ 812 [1]; 832; Penal Law §§ 10.00 [9]; 120.00 [2]; *Matter of Stewart v Lassiter*, 103 AD3d 734, 734 [2013]; *compare Matter of Boua TT. v Quamy UU.*, 66 AD3d 1165, 1166 [2009], *with Campbell v Campbell*, 123 AD3d at 1124). Further, contrary to the mother's contention, the Family Court did not improvidently exercise its discretion in directing her to stay away from the parties' children and refrain from committing any family offenses against them for a period of two years (*see generally* Family Ct Act § 842; *Matter of Richardson v Richardson*, 80 AD3d 32, 44 [2010]).

The remaining contentions of the father and the attorney for

the children are without merit. Hall, J.P., Austin, Miller and Maltese, JJ., concur.