■ In the Matter of VIRGILIA NUNEZ, Appellant, v JOSEPH DIAZ, Respondent. [41 NYS3d 910]—

Appeal by the petitioner from an order of disposition the Family Court, Kings County (Dean T. Kusakabe, J.), dated July 10, 2015. The order of disposition, after a hearing, dismissed the petitioner's family offense petition.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The petitioner commenced this proceeding pursuant to Family Court Act article 8 alleging that the respondent was her nephew and that he committed various family offenses against her. After a hearing, the Family Court dismissed the petition. The petitioner appeals.

"In a family offense proceeding, the petitioner has the burden of establishing, by a 'fair preponderance of the evidence,' that the charged conduct was committed as alleged in the petition" (*Matter of Cassie v Cassie*, 109 AD3d 337, 340 [2013], quoting Family Ct Act § 832; *see Matter of Batista v Iqbal*, 128 AD3d 1063 [2015]; *Matter of Cole v Muirhead*, 125 AD3d 964 [2015]). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court" (*Matter of Creighton v Whitmore*, 71 AD3d 1141, 1141 [2010]; *see* Family Ct Act §§ 812, 832; *Matter of Marte v Caraballo*, 116 AD3d 1050 [2014]). The hearing court's determination regarding the credibility of witnesses is entitled to great weight on appeal, and will not be disturbed if supported by the record (*see Matter of Maiorino v Maiorino*, 107 AD3d 717 [2013]).

Here, the petitioner failed to establish, by a fair preponderance of the evidence, that the conduct committed by the respondent in 2012 and 2014 constituted the family offense of harassment in the second degree or disorderly conduct (*see* Family Ct Act § 812 [1]; Penal Law §§ 240.26, 240.20; *Matter of Little v Renz*, 137 AD3d 916 [2016]; *Matter of Marte v Caraballo*, 116 AD3d 1050 [2014]; *Matter of Shiffman v Handler*, 115 AD3d 753 [2014]). Accordingly, the Family Court properly dismissed the petition. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.