■ In the Matter of MAYA CHARRAT, Respondent, v PRESLER F. JEANTY, Appellant. [45 NYS3d 554]—

Appeal by Presler F. Jeanty from (1) an order of fact-finding and disposition of the Family Court, Kings County (Dean T. Kusakabe, J.), dated October 20, 2015, and (2) an order of protection of that court, also dated October 20, 2015. The order of fact-finding and disposition, after a fact-finding hearing, found that Presler F. Jeanty committed family offenses, and directed him to observe the conditions of the order of protection. The order of protection, inter alia, directed him to stay away from the petitioner until and including October 19, 2020.

Ordered that the order of fact-finding and disposition and the order of protection are affirmed, without costs or disbursements.

"In a family offense proceeding, the petitioner has the burden of establishing, by a 'fair preponderance of the evidence,' that the charged conduct was committed as alleged in the petition"

(*Matter of Cassie v Cassie*, 109 AD3d 337, 340 [2013], quoting Family Ct Act § 832; *see Matter of Tumba v Gharib*, 127 AD3d 770 [2015]; *Matter of Musheyev v Musheyev*, 126 AD3d 800 [2015]). " 'The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court' " (*Matter of Kaur v Singh*, 73 AD3d 1178, 1178 [2010], quoting *Matter of Creighton v Whitmore*, 71 AD3d 1141, 1141 [2010]; *see Matter of Tumba v Gharib*, 127 AD3d 770 [2015]). "The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record" (*Matter of Charalambous v Zohios*, 125 AD3d 963, 963 [2015]; *see Matter of Giresi-Palazzolo v Palazzolo*, 127 AD3d 752 [2015]; *Matter of Vachaviolos v Rosa*, 123 AD3d 731 [2014]). Here, contrary to the appellant's contentions, a fair preponderance of the credible evidence supports the Family Court's determination that he committed the family offenses of assault in the third degree, criminal obstruction of breathing, and strangulation in the second degree, warranting the issuance of an order of protection against him (*see* Family Ct Act § 832; Penal Law §§ 120.00, 121.11, 121.12; *Matter of Wan-Su Li v Feng*, 45 AD3d 775, 776 [2007]).

The Family Court properly considered evidence of incidents that took place during the two-year time period preceding the filing of the family offense petition, as the petition specifies, inter alia, that the appellant had verbally and physically abused the petitioner "for the past two years" (*cf. Matter of Bessent v Bessent*, 113 AD3d 847, 848 [2014]).

The appellant's remaining contention, raised for the first time in his reply brief, is not properly before this Court (*see Renck v Renck*, 131 AD3d 1146, 1151 [2015]). Mastro, J.P., Dillon, Balkin and Maltese, JJ., concur.