M.B. v L.T. (2017 NY Slip Op 05412)





M.B. v L.T.


2017 NY Slip Op 05412


Decided on July 5, 2017


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2016-05956
 (Index No. 50196/12)

[*1]M.B. (Anonymous), respondent,
v
L.T. (Anonymous), appellant.


Kathy A. Polias, Brooklyn, NY, for appellant.
Elliot Green, Brooklyn, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Susan M. Cordaro and Janet Neustaetter of counsel), attorney for the children.



DECISION & ORDER
Appeal by the father from an order of the Supreme Court, Richmond County (Barbara Irolla Panepinto, J.), dated April 22, 2016. The order, after a hearing, found that the father committed the family offense of harassment in the second degree and directed the issuance of an order of protection in favor of the mother.
ORDERED that the order is affirmed, without costs or disbursements.
In her family offense petition pursuant to Article 8 of the Family Court Act, the mother alleged that the father committed multiple acts of physical violence against her in the presence of the parties' older child, used emotionally abusive language directed at her, and had threatened to use video recordings against her in court. Thereafter, the Supreme Court consolidated the family offense proceeding with an action for a divorce and ancillary relief under Index No. 50196/12. After a hearing, the court found that the father had committed the family offense of harassment in the second degree.
A family offense must be established by a fair preponderance of the evidence (Matter of Mayers v Thompson, 145 AD3d 1010). The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal unless clearly unsupported by the record (see Matter of Graham v Rawley, 147 AD3d 1053; Matter of Charrat v Jeanty, 146 AD3d 947; Matter of Nunez v Diaz, 145 AD3d 786; Matter of Savas v Bruen, 139 AD3d 737). Here, there is no basis in the record to disturb the Supreme Court's credibility determinations. Contrary to the father's contention, the court properly considered his demeanor and behavior in the courtroom, including during the divorce proceeding, in assessing his credibility (see Matter of Gilbert v Gilbert, 128 AD3d 1286; Matter of Joshua E.R. [Yolaine R.], 123 AD3d 723, 726; Matter of Caraballo v Colon, 9 AD3d 459).
The mother established by a fair preponderance of the evidence that the father committed the family offense of harassment in the second degree in that, with intent to harass, annoy, or alarm her, he struck, shoved, kicked, or otherwise subjected her to physical contact (see Penal Law § 240.26[1]; Matter of Konstatine v Konstatine, 107 AD3d 994), and he engaged in a course of conduct that alarmed or seriously annoyed her and served no legitimate purpose (see Penal Law § 240.26[3]; Rosenstock v Rosenstock, 149 AD3d 887; Matter of Zhou Hong Zheng v Hsin Cheng, 144 AD3d 1166). Although the father alleges that the mother was the initial aggressor during one or more incidents, and that the injuries she sustained were caused by her own actions during arguments, the record does not show that the mother's actions were the cause of her injuries (cf. Matter of Cavanuagh v Madden, 298 AD2d 390; Matter of M.T. v E.T., 18 Misc 3d 418, 421 [Family Ct, Nassau County]). Furthermore, although the father's words alone do not constitute criminal conduct, in the context established by the evidence at trial, including his physical acts, they were not constitutionally protected (see Matter of Salazar v Melendez, 97 AD3d 754; Matter of Corey v Corey, 40 AD3d 1253; Matter of Ivan F., 233 AD2d 210). The father's course of conduct toward the mother, which included throwing items at her, videotaping her while she was upset, and threatening to use the recordings in court, served no legitimate purpose, as there was no reason or justification for his actions and words other than to hound, frighten, intimidate, or threaten her (see People v Stuart, 100 NY2d 412, 428; Matter of Acevedo v Acevedo, 145 AD3d 773; Matter of Frimer v Frimer, 143 AD3d 895; Matter of Ovsanik v Ovsanik, 89 AD3d 1451).
DILLON, J.P., HINDS-RADIX, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court