Matter of Torres v Matos (2018 NY Slip Op 05053)





Matter of Torres v Matos


2018 NY Slip Op 05053


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-10574
 (Docket No. O-2723-17)

[*1]In the Matter of Wanda Y. Torres, respondent,
v
Ovidio Matos, appellant.


Samuel S. Coe, New City, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Ovidio Matos appeals from an order of fact-finding and disposition of the Family Court, Orange County (Victoria B. Campbell, J.), entered September 26, 2017. The order, insofar as appealed from, after a hearing, found that the appellant committed the family offense of harassment in the second degree, and directed him to comply with the terms set forth in an order of protection of the same court, also entered September 26, 2017, for a period of two years.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner filed a family offense petition in the Family Court seeking an order of protection against the appellant, her estranged husband. Following a hearing, the court found that the appellant committed the family offense of harassment in the second degree. The court issued an order of protection, inter alia, directing the appellant to stay away from the petitioner. The court also issued an order of fact-finding and disposition, inter alia, directing the appellant to comply with the terms of the order of protection for a period of two years, through September 26, 2019.
A family offense must be established by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Washington v Washington, 158 AD3d 717, 718; Matter of Quinones v Palma, 144 AD3d 921, 922). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court (see Matter of Washington v Washington, 158 AD3d at 718; Matter of Quinones v Palma, 144 AD3d at 922; Matter of Pierre v Dal, 142 AD3d 1021, 1023). The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record (see Matter of Washington v Washington, 158 AD3d at 718; Matter of Pierre v Dal, 142 AD3d at 1023; Matter of Maiorino v Maiorino, 107 AD3d 717).
Here, a fair preponderance of the credible evidence adduced at the fact-finding hearing supported a finding that the appellant committed the family offense of harassment in the second degree (see Penal Law § 240.26[3]; Family Ct Act § 812[1]). Further, contrary to the appellant's contention, there is no requirement that the acts alleged in the petition be relatively contemporaneous with the date of the filing of the petition (see Family Ct Act § 812[1]; Matter of [*2]Barbagallo v Cotto-Donis, 131 AD3d 1237). The Family Court providently exercised its discretion in directing the appellant to stay away from the petitioner for a period of two years (see generally Family Ct Act § 842; Matter of Quinones v Palma, 144 AD3d at 922).
MASTRO, J.P., SGROI, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court