Matter of Gjelaj v Gjelaj (2019 NY Slip Op 00436)





Matter of Gjelaj v Gjelaj


2019 NY Slip Op 00436


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-12949
 (Docket No. O-7840-13)

[*1]In the Matter of Marash Gjelaj, respondent,
v
Anisa Gjelaj, appellant.


Karen M. Jansen, White Plains, NY, for appellant.
Neal S. Comer, White Plains, NY, for respondent.
Stephen P. Gold, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the mother appeals from an order of protection of the Family Court, Westchester County (M. A. Scattaretico Naber, J.), dated October 31, 2016. The order of protection, upon a finding that the mother committed the family offense of assault in the second degree, made after a fact-finding hearing, directed her, after a dispositional hearing, among other things, to stay away from the subject child until and including June 30, 2018.
ORDERED that the order of protection is affirmed, without costs or disbursements.
The father commenced this family offense proceeding against the mother, alleging that she had committed, inter alia, the family offense of assault in the second degree against the subject child during a visit with the child. After fact-finding and dispositional hearings, the Family Court found that the mother had committed that family offense and issued an order of protection directing her, among other things, to stay away from the subject child until and including June 30, 2018. The mother appeals from the order of protection.
Although the order of protection expired by its own terms on June 30, 2018, the appeal has not been rendered academic in light of the enduring consequences which may flow from a finding that the mother committed a family offense (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 673).
Contrary to the mother's contention, the Family Court did not err in denying her motion to dismiss the petition for lack of specificity. Affording the petition a liberal construction, accepting the allegations contained therein as true, and granting the petitioner the benefit of every favorable inference, the petition adequately alleged that the mother committed a family offense against the child (see Family Ct Act § 821[1][a]). Accordingly, we agree with the court's denial of the mother's motion to dismiss the petition (see Matter of Jones v Jones, 149 AD3d 1079, 1080; Matter of Testman v Roman, 78 AD3d 719, 720).
The determination of whether a family offense was committed is a factual issue to [*2]be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record (see Matter of Porter v Moore, 149 AD3d 1082, 1083; Matter of Henderson v Henderson, 137 AD3d 911, 912; Matter of Alleyne v Ally, 130 AD3d 718; Matter of Tumba v Gharib, 127 AD3d 770, 771; Matter of Campbell v Campbell, 123 AD3d 1123, 1124; Matter of Maiorino v Maiorino, 107 AD3d 717). Here, a fair preponderance of the credible evidence adduced at the fact-finding hearing supported a finding that the mother committed the family offense of assault in the second degree (see Family Ct Act §§ 812[1]; 832; Penal Law § 120.05).
The mother's remaining contentions are without merit.
DILLON, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court