Matter of Rani v Arfad (2020 NY Slip Op 03667)





Matter of Rani v Arfad


2020 NY Slip Op 03667


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-09605
 (Docket No. O-4701-18)

[*1]In the Matter of Salma Rani, appellant,
v
Bushra Arfad, respondent.


Allan D. Shafter, Port Washington, NY, for appellant.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Queens County (Lauren Norton-Lerner, Ct. Atty. Ref.), dated April 2, 2019. The order, after a hearing, inter alia, in effect, denied the family offense petition and dismissed the proceeding, with prejudice.
ORDERED that the order is affirmed, without costs or disbursements.
In March 2018, the petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the respondent. Following a fact-finding hearing, the Family Court, inter alia, in effect, denied the family offense petition and dismissed the proceeding, with prejudice, on the ground that the petitioner failed to establish by a preponderance of the evidence that the respondent had committed a family offense. The petitioner appeals.
The allegations in a family offense proceeding must be supported by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Bah v Bah, 112 AD3d 921, 921-922). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record" (Matter of Porter v Moore, 149 AD3d 1082, 1083). Here, the Family Court credited the respondent's witnesses and found that the petitioner was not credible. According due deference to this assessment of credibility, we agree with the court that the petitioner failed to establish, by a fair preponderance of the evidence, that the respondent committed a family offense.
Accordingly, we agree with the Family Court's determination, in effect, denying the petition.
MASTRO, J.P., COHEN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court