■ In the Matter of ANA ACEVEDO, Respondent, v ROBERT ACEVEDO, Appellant. [43 NYS3d 443]—

Appeal from an order of protection of the Family Court, Kings County (Dean Kusakabe, J.), dated October 8, 2015. The order, upon a finding that the appellant committed family offenses,

made after a hearing, directed him to stay away from the petitioner until and including October 7, 2017.

Ordered that the order of protection is affirmed, without costs or disbursements.

The petitioner filed a family offense petition in Family Court seeking an order of protection against the appellant, who is her adult son. Following a fact-finding hearing, the Family Court determined that the appellant had committed the family offenses of aggravated harassment in the second degree and harassment in the second degree, and issued an order of protection, directing the appellant to stay away from the petitioner until and including October 7, 2017.

In a family offense proceeding, the allegations must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Zina L. v Eldred L.*, 113 AD3d 852, 853 [2014]; *Matter of Bah v Bah*, 112 AD3d 921, 922 [2013]). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and the Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal" (*Matter of Zina L. v Eldred L.*, 113 AD3d at 853; *see Matter of Parameswar v Parameswar*, 109 AD3d 473, 474 [2013]). The determination should not be disturbed unless clearly unsupported by the record (*see Matter of Miloslau v Miloslau*, 112 AD3d 632, 632 [2013]). "In determining a motion to dismiss for failure to establish a prima facie case, the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom" (*Matter of Mamantov v Mamantov*, 86 AD3d 540, 541 [2011] [internal quotation marks omitted]).

Here, the Family Court properly denied the appellant's motion, made at the close of the case, to dismiss for failure to establish a prima facie case. Accepting the evidence proffered by the petitioner in support of her petition as true and giving it the benefit of every reasonable inference, the petitioner established, prima facie, that the appellant committed the family offenses of aggravated harassment in the second degree (*see* Penal Law § 240.30 [2]; *Matter of Drury v Drury*, 90 AD3d 754, 754 [2011]; *People v Brown*, 61 AD3d 1007, 1009 [2009]), and harassment in the second degree (*see* Penal Law § 240.26 [3]; *People v Wood*, 59 NY2d 811, 812 [1983]; *Matter of Ramdhanie v Ramdhanie*, 129 AD3d 737, 738 [2015]).

Furthermore, the Family Court properly credited the petitioner's testimony and determined, based upon a fair preponderance of the evidence, that the appellant committed acts which constituted the family offenses of aggravated

harassment in the second degree and harassment in the second degree (*see* Family Ct Act §§ 812 [1]; 832; Penal Law §§ 240.30 [2]; 240.26 [3]; *People v Wood*, 59 NY2d at 812; *Matter of Ramdhanie v Ramdhanie*, 129 AD3d at 738; *Matter of Drury v Drury*, 90 AD3d at 754; *People v Brown*, 61 AD3d at 1009), warranting the issuance of the two-year order of protection (*see* Family Ct Act § 841). The evidence established that from November 2014 to March 2015, the appellant repeatedly called the petitioner and demanded money from her. During the calls, he would scream at her. The appellant admitted that the petitioner had told him to stop calling her and to stop asking her for money, yet he persisted in doing both. This course of conduct, which continued despite his knowledge that the calls were unwanted, demonstrated his intent to harass and annoy and established that the calls were made for no legitimate purpose. The court's determination was therefore supported by the record.

The appellant's contention that the Family Court erred in taking judicial notice of a prior order of protection is unpreserved for appellate review and, in any event, without merit.

The appellant's remaining contentions are without merit. Dillon, J.P., Dickerson, Maltese and Duffy, JJ., concur.