■ In the Matter of JESSICA C. GRAHAM, Appellant, v CHARLES T. RAWLEY, Respondent. [46 NYS3d 917]—

Appeals by the mother from (1) an order of the Family Court, Richmond County (Alison M. Hamanjian, Ct. Atty. Ref.), dated March 8, 2016, (2) an order of that court (Peter F. DeLizzo, J.), dated March 14, 2016, and (3) an order of that court (Alison M. Hamanjian, Ct. Atty. Ref.), dated March 25, 2016. The orders dated March 8, 2016, and March 14, 2016, dismissed the mother's family offense petitions under Docket Nos. O-985-16 and O-1073-16 for failure to state a cause of action. The order dated March 25, 2016, after a hearing, dismissed the mother's family offense petition under Docket No. O-4434-15.

Ordered that the orders are affirmed, without costs or disbursements.

In September 2015, the mother filed a family offense petition (Docket No. O-4434-15) against the father (hereinafter the first family offense petition). After a hearing, the Family Court dismissed the first family offense petition. In March 2016, the mother filed two additional family offense petitions (Docket Nos. O-985-16, O-1073-16) against the father (hereinafter the second and third family offense petitions), and the Family Court, without a hearing, dismissed those petitions for failure to state a cause of action. The mother appeals.

In a family offense proceeding, the petitioner has the burden of establishing, by a fair preponderance of the evidence, that the charged conduct was committed as alleged in the petition (*see Matter of Bah v Bah*, 112 AD3d 921, 921-922 [2013]; *Matter of Cassie v Cassie*, 109 AD3d 337, 340 [2013]). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its

determinations regarding the credibility of witnesses are entitled to great weight on appeal (*see Matter of Nusbaum v Nusbaum*, 59 AD3d 725 [2009]). Here, the Family Court properly determined, after a hearing, that the mother failed to establish, by a preponderance of the evidence, that the father committed a family offense under Docket No. O-4434-15 (*see* Family Ct Act § 812 [1]; *Matter of Bah v Bah*, 112 AD3d at 922). Accordingly, the court properly dismissed the first family offense petition.

The Family Court also properly dismissed the second and third family offense petitions without a hearing for failure to state a cause of action, as both petitions were conclusory, devoid of specificity, and failed to allege conduct that would constitute a family offense (*see Matter of Marino v Marino*, 110 AD3d 887, 888 [2013]). Chambers, J.P., Roman, LaSalle and Barros, JJ., concur.