Matter of Mullings v Mullings (2019 NY Slip Op 00280)





Matter of Mullings v Mullings


2019 NY Slip Op 00280


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-04648
2018-04690
 (Docket No. O-7581-17)

[*1]In the Matter of Donna Mullings, respondent,
v
Pierre Mullings, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
Melissa C. R. Chernosky, Jamaica, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Pierre Mullings appeals from (1) an order of fact-finding and disposition of the Family Court, Kings County (Maria Arias, J.), dated March 26, 2018, and (2) an order of protection of the same court, also dated March 26, 2018. The order of fact-finding and disposition, after a hearing, found that the appellant committed the family offense of harassment in the second degree and directed the issuance of an order of protection. The order of protection, inter alia, directed the appellant to stay away from the petitioner for a period up to and including March 25, 2020.
ORDERED that the order of fact-finding and disposition and the order of protection are affirmed, without costs or disbursements.
"A family offense must be established by a fair preponderance of the evidence" (Matter of Washington v Washington, 158 AD3d 717, 718; see Family Ct Act § 832; Matter of Magana v Delph, 163 AD3d 673, 674). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court" (Matter of Washington v Washington, 158 AD3d at 718; see Matter of Magana v Delph, 163 AD3d at 674). The court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record (see Matter of Magana v Delph, 163 AD3d at 674; Matter of Washington v Washington, 158 AD3d at 718).
Contrary to the appellant's contentions, a fair preponderance of the credible evidence supports the Family Court's determination that the appellant committed the family offense of harassment in the second degree (see Penal Law § 240.26[1]; Matter of Washington v Washington, 158 AD3d at 718; Matter of Monos v Monos, 123 AD3d 931, 931), warranting the issuance of the two-year order of protection (see Family Ct Act §§ 841, 842; Matter of Acevedo v Acevedo, 145 AD3d 773, 774-775). The credible evidence established that the appellant threatened to shoot the petitioner and to kick the petitioner's son in the liver, and that the appellant previously had angrily and intentionally broken the petitioner's computer.
Accordingly, there is no basis to disturb the Family Court's determination (see Matter of Washington v Washington, 158 AD3d at 718-719).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court