Matter of Richardson v Hawker (2020 NY Slip Op 03392)





Matter of Richardson v Hawker


2020 NY Slip Op 03392


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-10993
2019-10994
 (Docket No. O-7946-19)

[*1]In the Matter of Julie Ann Richardson, respondent,
v
Robin Hawker, appellant.


Heath J. Goldstein, Jamaica, NY, for appellant.
Placidus Aguwa, Jamaica, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Robin Hawker appeals from (1) an order of fact-finding and disposition of the Family Court, Queens County (Elizabeth L. Fassler, J.), dated September 10, 2019, and (2) an order of protection of the same court also dated September 10, 2019. The order of fact-finding and disposition, after a hearing, found that Robin Hawker committed the family offenses of disorderly conduct and harassment in the first degree and directed him to comply with the terms set forth in the order of protection for a period not to exceed two years. The order of protection, inter alia, directed Robin Hawker to stay away from Julie Ann Richardson until and including September 9, 2021.
ORDERED that the order of fact-finding and disposition is modified, on the facts, by deleting the provision thereof finding that Robin Hawker committed the family offense of harassment in the first degree, and substituting therefor a provision finding that Robin Hawker committed the family offense of harassment in the second degree; as so modified, the order of fact-finding and disposition is affirmed, without costs or disbursements; and it is further,
ORDERED that the order of protection is affirmed, without costs or disbursements.
The petitioner filed a family offense petition seeking an order of protection against the appellant, her former boyfriend. During the fact-finding hearing, the petitioner testified that the appellant showed up at her home and place of employment and shouted names at her. In addition, the appellant called her cell phone incessantly. The Family Court found that the appellant committed the family offenses of disorderly conduct and harassment in the first degree and directed him to comply with the terms set forth in an order of protection for a period not to exceed two years. The order of protection, inter alia, directed the appellant to stay away from the petitioner until and including September 9, 2021.
In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Estime v Civil, 168 AD3d 936, 937). Here, the evidence adduced at the hearing failed to establish, by a fair preponderance of the evidence, that the appellant's conduct put the petitioner "in reasonable fear of physical injury" (Penal Law § 240.25). Accordingly, we exercise our factual review power to vacate [*2]the finding of harassment in the first degree (see Matter of Tyrone T. v Katherine M., 78 AD3d 545).
However, there is no basis to disturb the order of protection, as the petitioner established by a fair preponderance of the evidence that the appellant committed the family offenses of disorderly conduct and harassment in the second degree (see Family Ct Act §§ 812[1]; 832; Penal Law §§ 240.20, 240.26; Matter of Melissa N. v Jeffrey B., 176 AD3d 519; Matter of Shields v Brown, 107 AD3d 1005, 1006).
The appellant's remaining contentions are without merit.
RIVERA, J.P., ROMAN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court