Matter of Hernandez-Altuz v Sanchez (2020 NY Slip Op 07060)





Matter of Hernandez-Altuz v Sanchez


2020 NY Slip Op 07060


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2019-12380
 (Docket Nos. O-2474-19, O-2316-19)

[*1]In the Matter of Miguel Hernandez-Altuz, appellant,
v
Iris Sanchez, respondent. (Proceeding No. 1.)
In the Matter of Iris Sanchez, respondent,
v
Miguel Hernandez-Altuz, appellant. (Proceeding No. 2)


Jonathan Rosenberg, PLLC, Brooklyn, NY, for appellant.
Joseph J. Artrip, Cornwall, NY, for respondent.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 8, Miguel Hernandez-Altuz appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), entered September 26, 2019. The order, insofar as appealed from, after a hearing, found that Miguel Hernandez-Altuz committed the family offense of harassment in the first degree and directed the issuance of an order of protection in favor of Iris Sanchez and against him for a period of two years.
ORDERED that the order is modified, on the facts, by deleting the provision thereof finding that Miguel Hernandez-Altuz committed the family offense of harassment in the first degree, and substituting therefor a provision finding that Miguel Hernandez-Altuz committed the family offense of harassment in the second degree; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
Miguel Hernandez-Altuz and Iris Sanchez were married for more than two decades and divorced in 2013. On May 13, 2019, Hernandez-Altuz filed a family offense petition against Sanchez, alleging that Sanchez committed the family offense of harassment in the first or second degree based, inter alia, on an incident that occurred on May 10, 2019. Sanchez subsequently filed a family offense petition against Hernandez-Altuz, alleging that Hernandez-Altuz committed the family offense of harassment in the first or second degree based, among other things, on the same May 10, 2019 incident. In an order entered September 26, 2019, the Family Court, after a hearing, inter alia, granted Sanchez's petition, finding that Hernandez-Altuz committed the family offense of harassment in the first degree and directed that an order of protection be issued in favor of Sanchez and against him for a period of two years. Hernandez-Altuz appeals.
"In a family offense proceeding, the petitioner has the burden of establishing, by a fair preponderance of the evidence, that the charged conduct was committed as alleged in the petition" (Matter of Melo v Zuniga, 168 AD3d 942, 942; see Family Ct Act § 832). "Whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination of credibility issues is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record" (Matter of Estime v Civil, 168 AD3d 936, 937; see Matter of Shields v Brown, 107 AD3d 1005, 1006).
Here, Sanchez failed to establish by a fair preponderance of the evidence that Hernandez-Altuz's conduct put her "in reasonable fear of physical injury" (Penal Law § 240.25; see Matter of Richardson v Hawker, 184 AD3d 731, 731; Matter of Shank v Shank, 155 AD3d 875, 877; Matter of Filipowski v Sullivan-Tirelli, 139 AD3d 1063, 1064). Therefore, exercising our factual review power, we find that the Family Court's determination that Hernandez-Altuz committed the family offense of harassment in the first degree is not supported by a fair preponderance of the evidence.
Although the Family Court found that Hernandez-Altuz committed the family offense of harassment in the first degree, in explaining its rationale for the finding, the court applied the standard used to establish harassment in the second degree (see Penal Law §§ 240.25, 240.26). We find that a fair preponderance of the evidence in the record supports a finding that Hernandez-Altuz committed the family offense of harassment in the second degree (see Penal Law § 240.26[3]; Matter of Frimer v Frimer, 143 AD3d 895, 896; Matter of Xin Li v Ramos, 125 AD3d 681, 682). Sanchez established by a fair preponderance of the evidence that Hernandez-Altuz repeatedly committed acts which were intended to and did alarm or seriously annoy her and which served no legitimate purpose.
Hernandez-Altuz's remaining contention that the Family Court erred by precluding him from using certain surveillance video footage to refresh a witness's recollection does not warrant reversal.
Accordingly, we find that Sanchez established by a fair preponderance of the evidence that Hernandez-Altuz committed the family offense of harassment in the second degree, and we agree with the Family Court's issuance of a two-year order of protection in Sanchez's favor (see Family Court Act § 842).
MASTRO, J.P., MILLER, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court