Matter of Silverman v Leibowitz (2021 NY Slip Op 05705)





Matter of Silverman v Leibowitz


2021 NY Slip Op 05705


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2021-00371
 (Docket No. O-1099-20)

[*1]In the Matter of Joel Silverman, appellant,
v
Heidi Sue Leibowitz, respondent.


Ellen O'Hara Woods, New City, NY, for appellant.
Neuhaus & Yacoob PLLC, Brooklyn, NY (Joel N. Yacoob of counsel), for respondent.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Rockland County (Rachel E. Tanguay, J.), entered September 28, 2020. The order, insofar as appealed from, in effect, granted that branch of the respondent's motion which was pursuant to CPLR 3211(a)(7) to dismiss the family offense petition for failure to state a cause of action, and dismissed the petition.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are divorced and have two children together. The petitioner filed a family offense petition against the respondent (hereinafter the mother), alleging, among other things, that the mother had committed the family offenses of stalking in the fourth degree and harassment in the second degree. The mother moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the petition for failure to state a cause of action. In an order entered September 28, 2020, the Family Court, in effect, granted that branch of the motion and dismissed the petition. The petitioner appeals.
"A family offense petition may be dismissed without a hearing where the petition fails to set forth factual allegations which, if prove[n], would establish that the respondent has committed a qualifying family offense" (Matter of Cole v Benjamin, 192 AD3d 889, 889; see Matter of Brown-Winfield v Bailey, 143 AD3d 707, 708). "In determining whether a petition alleges an enumerated family offense, the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference" (Matter of Arnold v Arnold, 119 AD3d 938, 939).
Here, liberally construing the allegations of the family offense petition and giving it the benefit of every possible favorable inference, the petition failed to allege conduct that constituted a family offense (see Matter of Graham v Rawley, 147 AD3d 1053, 1054), including the family offenses of harassment in the second degree (Family Ct Act § 812[1]; Penal Law§ 240.26) and stalking in the fourth degree (Family Ct Act § 812[1]; Penal Law § 120.45).
The petitioner's remaining contentions are without merit.
Accordingly, the Family Court properly, in effect, granted that branch of the mother's motion which was pursuant to CPLR 3211(a)(7) to dismiss the petition (see Matter of Lashlee v Lashlee, 161 AD3d 865, 866; Matter of Graham v Rawley, 147 AD3d at 1054).
DILLON, J.P., IANNACCI, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court