Matter of Breier v Breier (2022 NY Slip Op 01159)





Matter of Breier v Breier


2022 NY Slip Op 01159


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
WILLIAM G. FORD, JJ.


2021-01787
 (Docket No. O-16767-19)

[*1]In the Matter of Arlene Breier, respondent,
v
Michael Breier, appellant.


Robert Marinelli, New York, NY, for appellant.
Carol Lipton, Brooklyn, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Michael Breier appeals from an order of fact-finding and disposition of the Family Court, Queens County (Elizabeth L. Fassler), dated February 25, 2021. The order of fact-finding and disposition, after a hearing, found that Michael Breier committed the family offense of harassment in the second degree and directed the issuance of an order of protection in favor of Arlene Breier and against him for a period of two years.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
Arlene Breier (hereinafter Arlene) filed a family offense petition against her adult son, Michael Breier (hereinafter Michael), alleging, inter alia, that Michael committed the family offense of harassment in the second degree, and seeking an order of protection. After a fact-finding hearing, the Family Court found, inter alia, that Arlene proved by a preponderance of the evidence that Michael had committed the family offense of harassment in the second degree. By order of fact-finding and disposition dated February 25, 2021, the court granted Arlene's petition and directed the issuance of an order of protection in favor of Arlene and against Michael for a period of two years.
"'In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence'" (Matter of Livesey v Gulick, 194 AD3d 1045, 1047, quoting Matter of Shank v Miller, 148 AD3d 1160, 1160 [internal quotation marks omitted]). "'The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal unless clearly unsupported by the record'" (Matter of Richardson v Brown, 173 AD3d 875, 876, quoting Matter of Fruchthandler v Fruchthandler, 161 AD3d 1151, 1152 [internal quotation marks omitted]).
Here, a fair preponderance of the evidence adduced at the hearing established that Michael committed the family offense of harassment in the second degree (Penal Law § 240.26[3]; see Family Ct Act § 812[1]; Matter of Calin-Horvath v Horvath, 177 AD3d 876, 878). The Family Court was presented with conflicting testimony, and its determination was based upon its assessment of the credibility of the parties and is supported by the record (see Matter of Stringer v Grant, 187 AD3d 1198, 1198). Further, the intent to commit harassment in the second degree was inferred from Michael's course of conduct, which terrified Arlene and served no legitimate purpose (see id. at [*2]1200; Matter of Richardson v Brown, 173 AD3d at 877). Accordingly, there is no basis to disturb the order of fact-finding and disposition granting the petition and directing the issuance of an order of protection in favor of Arlene for a period of two years (see Matter of Hernandez-Altuz v Sanchez, 188 AD3d 1204, 1206).
BARROS, J.P., RIVERA, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court