Matter of Buchovska v Kamolov (2022 NY Slip Op 05848)

Matter of Buchovska v Kamolov

2022 NY Slip Op 05848

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-07435
 (Docket No. O-25517-17)

[*1]In the Matter of Liliya Buchovska, respondent,
v
Umitjon Kamolov, appellant.

Richard Cardinale, Brooklyn, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Ben Darvil, Jr., J.), dated September 23, 2021. The order of fact-finding and disposition, insofar as appealed from, after a hearing, found that the father committed the family offense of aggravated harassment in the second degree and directed the issuance of an order of protection in favor of the mother and against him for a period of two years.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The parties, who are divorced, are the parents of a child born in 2009. In 2017, the mother commenced this family offense proceeding pursuant to Family Court Act article 8, alleging in her petition that the father committed various family offenses, and seeking an order of protection against the father. After conducting a hearing, the Family Court, inter alia, found that the mother's testimony was credible, determined that the father committed the family offense of aggravated harassment in the second degree, and directed the issuance of an order of protection against the father and in favor of the mother. The father appeals.
"'In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence'" (Matter of Livesey v Gulick, 194 AD3d 1045, 1047, quoting Matter of Shank v Miller, 148 AD3d 1160, 1160 [internal quotation marks omitted]; see Matter of Breier v Breier, 202 AD3d 1083, 1084; Matter of Royal v Royal, 187 AD3d 1195, 1196). "'The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal unless clearly unsupported by the record'" (Matter of Richardson v Brown, 173 AD3d 875, 876, quoting Matter of Fruchthandler v Fruchthandler, 161 AD3d 1151, 1152 [internal quotation marks omitted]; see Matter of Breier v Breier, 202 AD3d at 1084; Matter of Royal v Royal, 187 AD3d at 1196).
Here, a fair preponderance of the evidence adduced at the hearing established that the father committed the family offense of aggravated harassment in the second degree (Penal Law § 240.30[4]; see Matter of Acevedo v Acevedo, 145 AD3d 773, 775; Matter of Drury v Drury, 90 AD3d 754, 755). The Family Court was presented with conflicting testimony, and its determination was based upon its assessment of the credibility of the parties and is supported by the record (see [*2]Matter of Breier v Breier, 202 AD3d at 1084; Matter of Stringer v Grant, 187 AD3d 1198, 1198).
CONNOLLY, J.P., CHRISTOPHER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court