Matter of Silverman v Leibowitz (2023 NY Slip Op 00096)

Matter of Silverman v Leibowitz

2023 NY Slip Op 00096

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-08998
 (Docket No. O-01741-21)

[*1]In the Matter of Joel Silverman, appellant,
v
Heidi S. Leibowitz, respondent. 

Ellen O'Hara Woods, New City, NY, for appellant.
Tamir Law Group, P.C., New York, NY (Alexander Markus of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of dismissal of the Family Court, Rockland County (Dean Richardson-Mendelson, Ct. Atty. Ref.), dated September 1, 2021. The order of dismissal, without a hearing, dismissed the petition for failure to state a cause of action.
ORDERED that the order of dismissal is affirmed, with costs.
The petitioner commenced this proceeding pursuant to Family Court Act article 8, alleging that his former wife committed, inter alia, the family offense of harassment in the second degree. In an order of dismissal dated September 1, 2021, the Family Court, without a hearing, dismissed the petition for failure to state a cause of action. The petitioner appeals.
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Buchovska v Kamolov, 209 AD3d 857, 857 [internal quotation marks omitted]; see Family Ct Act § 832). However, "[a] family offense petition may be dismissed without a hearing where the petition fails to set forth factual allegations which, if proven, would establish that the respondent has committed a qualifying family offense" (Matter of Jones v Rodriguez, 209 AD3d 652, 653 [internal quotation marks omitted]; see Matter of Silverman v Leibowitz, 198 AD3d 903, 904; Matter of Lashlee v Lashlee, 161 AD3d 865, 866). "In determining whether a petition alleges an enumerated family offense, the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference" (Matter of Jones v Rodriguez, 209 AD3d at 653 [internal quotation marks omitted]; see Matter of Silverman v Leibowitz, 198 AD3d at 904; Matter of Lashlee v Lashlee, 161 AD3d at 866).
Here, contrary to the petitioner's contention, liberally construing the allegations of the family offense petition and giving it the benefit of every possible favorable inference, the petition was conclusory and failed to allege acts which, if committed by the respondent, would constitute the family offense of harassment in the second degree (see Family Ct Act § 812[1]; Penal Law § 240.26). Accordingly, the Family Court properly dismissed the petition without a hearing (see Matter of Jones v Rodriguez, 209 AD3d at 653; Matter of Silverman v Leibowitz, 198 AD3d 903, [*2]904; Matter of Lashlee v Lashlee, 161 AD3d 865, 866).
DILLON, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court