Matter of Townes v Diggs (2023 NY Slip Op 02791)

Matter of Townes v Diggs

2023 NY Slip Op 02791

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-05229
2022-05854
 (Docket No. O-1786-20)

[*1]In the Matter of Erica R. Townes, respondent, 
v
Andre P. Diggs, appellant.

Lewis S. Calderon, Jamaica, NY, for appellant.
Kyle Sosebee, Brooklyn, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Andre P. Diggs appeals from (1) an order of fact-finding and disposition of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated May 6, 2022, and (2) an order of protection of the same court dated May 26, 2022. The order of fact-finding and disposition, after a hearing, found that Andre P. Diggs committed the family offense of harassment in the second degree and directed the issuance of an order of protection. The order of protection, inter alia, directed Andre P. Diggs to stay away from the petitioner and her children until and including May 6, 2024.
ORDERED that the order of fact-finding and disposition and the order of protection are affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding against Andre P. Diggs. The parties, who were never married, have one child together. The petitioner also has two other children. Following a hearing, the Family Court found that Diggs committed the family offense of harassment in the second degree and issued an order of protection, inter alia, directing Diggs to stay away from the petitioner and her children until and including May 6, 2024. Diggs appeals.
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Davis v Wright, 140 AD3d 753, 754; see Family Ct Act § 832; Matter of Cook v Berehowsky, 211 AD3d 727, 728). "Whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination of credibility issues is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record" (Matter of Davis v Wright, 140 AD3d at 754; see Matter of Livesey v Gulick, 194 AD3d 1045, 1047).
A person commits harassment in the second degree when that person, "with intent to harass, annoy or alarm another person[,] . . . strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same; or . . . engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26[1], [3]; see Matter of Cook v Berehowsky, 211 AD3d at 728).
Contrary to Diggs's contention, a fair preponderance of the evidence adduced at the hearing established that he committed the family offense of harassment in the second degree (Penal Law § 240.26). "Where, as here, the court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of one party over that of the other, its determination will not be disturbed unless clearly unsupported by the record" (Matter of Mohammed v Mohammed, 174 AD3d 615, 615-616; see Matter of Karen P. v Alvin P., 210 AD3d 1097, 1098). The Family Court's determination that Diggs committed the family offense of harassment in the second degree was based upon its assessment of the credibility of the parties and is supported by the record (see Matter of Karen P. v Alvin P., 210 AD3d at 1098; Matter of Breier v Breier, 202 AD3d 1083, 1084).
IANNACCI, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court