Matter of Williams v Rodriguez (2024 NY Slip Op 01553)

Matter of Williams v Rodriguez

2024 NY Slip Op 01553

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
LAURENCE L. LOVE, JJ.

2023-03769
2023-03773
 (Docket No. O-4267-22)

[*1]In the Matter of Justin Williams, respondent,
v
Delis Rodriguez, appellant.

John R. Lewis, Sleepy Hollow, NY, for appellant.
Alex Smith, Middletown, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Delis Rodriguez appeals from (1) an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated April 12, 2023, and (2) an order of protection of the same court also dated April 12, 2023. The order, after a hearing, found that Delis Rodriguez committed the family offense of harassment in the second degree and directed the issuance of an order of protection. The order of protection, inter alia, directed Delis Rodriguez to stay away from the petitioner until and including April 12, 2024.
ORDERED that the order and the order of protection are affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against Delis Rodriguez. The parties, who were never married, had an intimate relationship, which Rodriguez alleged resulted in the birth of a child. After a hearing, the Family Court found that Rodriguez committed the family offense of harassment in the second degree and issued an order of protection, inter alia, directing Rodriguez to stay away from the petitioner until and including April 12, 2024. Rodriguez appeals.
"'In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence'" (Matter of Silverman v Leibowitz, 212 AD3d 635, 636, quoting Matter of Buchovska v Kamolov, 209 AD3d 857, 857; see Family Ct Act § 832). "'The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and the Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal'" (Matter of Acevedo v Acevedo, 145 AD3d 773, 774, quoting Matter of Zina L. v Eldred L., 113 AD3d 852, 853).
A person commits harassment in the second degree when that person, "with intent to harass, annoy or alarm another person[,] . . . strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same; or . . . engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26[1], [3]; see Matter of Townes v Diggs, 216 AD3d 1104, 1105).
Contrary to Rodriguez's contention, a fair preponderance of the evidence adduced at the hearing established that she committed the family offense of harassment in the second degree (Penal Law § 240.26). "Where, as here, the court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of one party over that of the other, its determination will not be disturbed unless clearly unsupported by the record" (Matter of Mohammed v Mohammed, 174 AD3d 615, 615-616; see Matter of Henderson v Henderson, 137 AD3d 911, 911). The Family Court's determination that Rodriguez committed the family offense of harassment in the second degree was based upon its assessment of the credibility of the parties and is supported by the record (see Matter of Townes v Diggs, 216 AD3d at 1105; Matter of Acevedo v Acevedo, 145 AD3d at 774). Therefore, the issuance of an order of protection against Rodriguez was warranted (see Matter of Alfred v Brown, 181 AD3d 889).
BRATHWAITE NELSON, J.P., MILLER, MALTESE and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court