Matter of Adeshina v Adeshina (2024 NY Slip Op 03175)

Matter of Adeshina v Adeshina

2024 NY Slip Op 03175

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2023-06131
2023-06352
 (Docket No. O-14622-22)

[*1]In the Matter of Funmilayo Adeshina, respondent,
v
Kayode Adeshina, appellant.

Helene Bernstein, Brooklyn, NY, for appellant.
Christian P. Myrill, Jamaica, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Kayode Adeshina appeals from (1) an order of fact-finding and disposition of the Family Court, Kings County (Ione K. Curva, Ct. Atty. Ref.), dated July 7, 2023, and (2) an order of protection of the same court, also dated July 7, 2023. The order of fact-finding and disposition, after a hearing, found that Kayode Adeshina committed the family offenses of harassment in the second degree and criminal mischief and directed him to comply with the terms set forth in the order of protection for a period not to exceed one year. The order of protection, inter alia, directed Kayode Adeshina to stay away from the petitioner until and including July 8, 2024.
ORDERED that the order of fact-finding and disposition and the order of protection are affirmed, without costs or disbursements.
In August 2022, the petitioner commenced this family offense proceeding against her father, the appellant. After a hearing, the Family Court found that the appellant committed the family offenses of harassment in the second degree and criminal mischief and directed him to comply with the terms set forth in an order of protection for a period not to exceed one year. The order of protection, inter alia, directed the appellant to stay away from the petitioner until and including July 8, 2024. This appeal ensued.
"'In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence'" (Matter of Townes v Diggs, 216 AD3d 1104, 1105, quoting Matter of Davis v Wright, 140 AD3d 753, 754; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court whose determination regarding credibility of witnesses is entitled to great weight on appeal and will not be disturbed unless clearly unsupported by the record" (Matter of Breval v Martinez, 205 AD3d 805, 805; see Matter of Lashlee v Lashlee, 161 AD3d 866, 867). In reviewing a determination made after a nonjury trial or hearing, the power of the Appellate Division is "'as broad as that of the trial or hearing court, and it may render the judgment that it finds warranted by the facts, taking into account that in a close case the trial or hearing judge had the advantage of seeing and hearing the witnesses'" (Matter of Lederman v Lederman, 208 AD3d 483, 484, quoting Matter of Griffith v Joseph, 173 AD3d 868, 869 [internal quotation marks omitted]).
A person commits harassment in the second degree when that person, "with intent [*2]to harass, annoy or alarm another person[,] . . . strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same; or . . . engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26[1], [3]; see Matter of Townes v Diggs, 216 AD3d at 1105). A person commits criminal mischief in the fourth degree when, "having no right to do so nor any reasonable ground to believe that he or she has such right, he or she . . . [i]ntentionally damages property of another person" (Penal Law § 145.00[1]; see Matter of Lederman v Lederman, 208 AD3d at 485).
Contrary to the appellant's contentions, a fair preponderance of the evidence adduced at the hearing established that he committed the family offense of harassment in the second degree (Penal Law § 240.26[1], [3]). "'Where, as here, the court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of one party over that of the other, its determination will not be disturbed unless clearly unsupported by the record'" (Matter of Townes v Diggs, 216 AD3d at 1105, quoting Matter of Mohammed v Mohammed, 174 AD3d 615, 615-616). The Family Court's determination that the appellant committed the family offense of harassment in the second degree was properly based upon its assessment of the credibility of the parties and is supported by the record (see Matter of Townes v Diggs, 216 AD3d at 1105; Matter of Sydelle P. [Alvin P.], 210 AD3d 1098, 1099).
Although the Family Court failed to specify the degree and the subsection of the relevant Penal Law statute upon which it based its finding that the appellant committed criminal mischief, this Court, exercising its independent review power, finds that the proof establishes by a preponderance of the evidence that the appellant committed the family offense of criminal mischief in the fourth degree (Penal Law § 145.00[1]; Matter of Bunin v Bunin, 187 AD3d 1182, 1183).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court