Matter of Mitchell-George v George (2025 NY Slip Op 00449)

Matter of Mitchell-George v George

2025 NY Slip Op 00449

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LARA J. GENOVESI
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-12153
 (Docket No. O-4409-23)

[*1]In the Matter of Melonie Mitchell-George, respondent, 
v
Keith George, appellant.

Helene Chowes, New York, NY, for appellant.
Tina O'Neale, New York, NY (William Whalen of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Keith George appeals from an order of protection of the Family Court, Kings County (Marjorie R. Steinberg, J.), dated November 27, 2023. The order of protection, after a hearing, upon a finding that Keith George committed the family offenses of disorderly conduct, harassment in the second degree, and menacing in the second degree, directed him, inter alia, to stay away from the petitioner until and including November 26, 2025.
ORDERED that the order of protection is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding against her husband, the appellant, with whom she shared an apartment. After a hearing, during which both parties testified, the Family Court found that a fair preponderance of the evidence established that the appellant committed the family offenses of disorderly conduct, harassment in the second degree, and menacing in the second degree.
The allegations in a family offense proceeding must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Saquipay v Puzhi, 160 AD3d 879, 879). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (Matter of Richardson v Richardson, 80 AD3d 32, 43-44).
Here, a fair preponderance of the evidence adduced at the hearing supports the Family Court's finding that the appellant committed the family offenses of harassment in the second degree (Penal Law § 240.26[3]) and menacing in the second degree (id. § 120.14[2]), warranting the issuance of an order of protection (see Family Ct Act § 842[a]). The court was presented with sharply conflicting accounts by the parties regarding the subject incidents, and the court's determination to credit the petitioner's testimony over the appellant's testimony is supported by the record (see Matter of Townes v Diggs, 216 AD3d 1104, 1105; Matter of Mohammed v Mohammed, 174 AD3d 615, 615-616).
However, contrary to the Family Court's determination, the petitioner failed to [*2]establish that the appellant committed the family offense of disorderly conduct, as there was insufficient evidence to establish that the appellant's conduct was committed with the intent to cause, or recklessly posed a risk of causing, public inconvenience, annoyance, or alarm (see Penal Law § 240.20; Matter of Saquipay v Puzhi, 160 AD3d at 880-881; Matter of Cassie v Cassie, 109 AD3d 337, 344).
Under the circumstances of this case, and in light of the reasonable necessity of providing protection to the petitioner, we find no basis to disturb the order of protection (see Family Ct Act § 842; Matter of Saquipay v Puzhi, 160 AD3d at 880-881; Matter of Shank v Shank, 155 AD3d 876, 877; Matter of Frimer v Frimer, 143 AD3d 895, 897).
The appellant's remaining contentions are without merit.
LASALLE, P.J., GENOVESI, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court