Matter of Halverson v Karwas (2025 NY Slip Op 06167)

Matter of Halverson v Karwas

2025 NY Slip Op 06167

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2024-05438
 (Docket No. O-2665-24)

[*1]In the Matter of Howard B. Halverson, appellant, 
v
Karla R. Karwas, respondent.

Gary E. Eisenberg, New City, NY, for appellant.
Ronna L. DeLoe, Larchmont, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated June 3, 2024. The order dismissed, without a hearing, the petition for failure to state a cause of action.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 8, alleging that his wife committed multiple family offenses against him and their minor child. In an order dated June 3, 2024, the Family Court dismissed, without a hearing, the petition for failure to state a cause of action. The petitioner appeals.
A family offense petition may be dismissed without a hearing where the petition fails to set forth allegations that, if proven, would establish that the respondent has committed a qualifying family offense (see Matter of Latiff v Latiff, 236 AD3d 1031, 1031; Matter of Silverman v Leibowitz, 212 AD3d 635, 636; Matter of Lashlee v Lashlee, 161 AD3d 865, 866). In determining whether the petition alleges a qualifying family offense, the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be given the benefit of every favorable inference (see Matter of Latiff v Latiff, 236 AD3d at 1031; Matter of Silverman v Leibowitz, 212 AD3d at 636).
Here, liberally construing the petition, accepting the facts alleged therein as true, and giving the petitioner the benefit of every favorable inference, the petition failed to set forth allegations that, if proven, would establish that the respondent committed a qualifying family offense (see Family Ct Act § 812[1]). Accordingly, the Family Court properly dismissed the petition for failure to state a cause of action without a hearing (see Matter of Latiff v Latiff, 236 AD3d at 1032; Matter of Silverman v Leibowitz, 212 AD3d at 636; Matter of Lashlee v Lashlee, 161 AD3d at 866).
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court