Matter of Shaw v Shaw (2025 NY Slip Op 07389)

Matter of Shaw v Shaw

2025 NY Slip Op 07389

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LILLIAN WAN
LOURDES M. VENTURA
SUSAN QUIRK, JJ.

2024-11499
 (Docket No. O-3645-22)

[*1]In the Matter of Kenneth Shaw, appellant,
vTrevor Shaw, respondent.

Cheryl Charles-Duval, Brooklyn, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Gregory L. Gliedman, J.), dated October 18, 2024. The order, after a hearing, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 8 against his brother. After a hearing, the Family Court determined that the petitioner, who was the only witness, was not credible. In an order dated October 18, 2024, the court, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
The allegations in a family offense proceeding must be "supported by a fair preponderance of the evidence" (id. § 832; see Matter of Singh v Kaur, 213 AD3d 771, 771). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record" (Matter of Porter v Moore, 149 AD3d 1082, 1083; see Matter of Limanov v Limanov, 225 AD3d 872).
Here, the Family Court's determination that the petitioner failed to establish, by a preponderance of the evidence, that his brother committed a family offense was supported by the record (see Matter of Paek v Alicea, 225 AD3d 877, 878-879; Matter of Goldring v Sprei, 121 AD3d 894, 895). We discern no basis for disturbing the court's credibility determination (see Matter of Townes v Diggs, 216 AD3d 1104, 1105; M.B. v L.T., 152 AD3d 475, 476). Accordingly, the court properly, in effect, denied the petition and dismissed the proceeding.
GENOVESI, J.P., WAN, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court